Kinnier *v.* Kinnier.

---

## THADDEUS C. KINNIER *vs.* ABBY A. KINNIER.

In an action by a husband against his wife, for a decree declaring a divorce obtained by her, from her former husband, in Illinois, void for want of jurisdiction and for irregularity, the complaint admitted that both parties went to Illinois, and that both appeared in the action there; *Held* that such appearance clearly gave the court jurisdiction over the persons of both parties; and whether the court could grant a divorce depended not on jurisdiction, but upon the pleadings and evidence in the case.

*Held, also,* that the plaintiff could not avail himself of such causes to have a marriage between him and the defendant declared void, when he, at the time, had knowledge of the divorce, and that the defendant had gone to Illinois to procure one.

Even if this court could, within a proper time, declare a judgment for divorce, rendered in the State of Illinois, void, no such action should be taken after the judgment has become absolute, and the time for appealing has expired, so that it cannot be reversed in that State. The judgment is then final, and the rights of the parties, under it, are perfect; and this court should not interfere with it.

APPEAL from a judgment entered at a special term, allowing a demurrer to the complaint. The decision at special term is reported 53 *Barbour,* 454, where the facts are stated.

*G. W. Parsons,* for the plaintiff.

*C. A. Seward,* for the defendant.

Kinnier *v.* Kinnier.

*By the Court,* INGRAHAM, J. In this action the plaintiff seeks to get rid of a marriage with the defendant, by an application to this court to declare a judgment decreeing a divorce between the defendant and her former husband void for want of jurisdiction and for irregularity.

How far this court has any power to declare a judgment in the courts of another State void, might well be a subject of inquiry; but that it cannot be done in this case is, I think, clear.

The case comes up on demurrer to the complaint. The complaint admits that both parties went to Illinois, and that both appeared in the action there. Such appearance clearly gave the court jurisdiction over the person of both parties; and whether the court could grant a divorce, depended not on jurisdiction, but upon the pleadings and evidence in the case. Any defect in the pleadings, or any want of evidence on the trial, might have been waived by the parties, or facts might have been admitted, without proof, that would warrant the judgment.

. Nor do I think the plaintiff here can avail himself of such causes, to have a marriage made by him with the defendant declared void, when he at the time had knowledge of the divorce, and that the defendant had gone to Illinois to procure a divorce, for the purpose of avoiding notoriety at the east.

From the time which has elapsed since the judgment of divorce was rendered, the same has become absolute, and could not be reversed in that State. It is a final judgment, and of binding force in that State.

Even if this court could, within a proper time, have declared the same void, which I very much doubt, I am clearly of opinion that no such action should be taken after the judgment in Illinois has become perfect, and the time for appealing has expired. The judgment is final, then, and the rights of the parties under it are

perfect, and this court should not interfere with it in this action.

Order appealed from affirmed.

[NEW YORK GENERAL TERM, April 5, 1869. *Clerke, Sutherland* and *Ingraham,* Justices.]